JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thomas Wineburg and Kate Wineburg, h/w

**(b)** County of Residence of First Listed Plaintiff  **Chester County, PA**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Neuwirth Law Office, LLC, 2200 Renaissance Blvd, Ste. 270, King of Prussia, PA 19406, (215) 259-3687

## DEFENDANTS
Sunoco Pipeline L.P., aka Energy Transfer Partners L.P.

County of Residence of First Listed Defendant  **Dallas County, TX**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28.U.S.C. 1332
Brief description of cause:
**Defendant's endless pipeline drilling caused a nuisance to Plaintiffs.**

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 10/28/20

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS WINEBURG AND | : | |
|---|---|---|
| KATE WINEBRUG, h/w | : | |
| 427 Gateswood Drive | : | |
| West Chester, PA 19380 | : | |
| PLAINTIFFS | : | CIVIL ACTION |
| v. | : | NO. |
| | : | |
| SUNOCO PIPELINE L.P. | : | JURY TRIAL DEMANDED |
| a/k/a ENERGY TRANSFER PARTNERS L.P.: | | |
| 8111 Westchester Drive | : | |
| Dallas, TX 75225 | : | |
| DEFENDANTS | : | |

## CIVIL ACTION COMPLAINT

Plaintiffs, Thomas Wineburg and Kate Wineburg, by their undersigned counsel, allege (based upon the investigation of their counsel) as follows:

## PARTIES

1. Thomas Wineburg is an adult citizen of the Commonwealth of Pennsylvania who resides at, and owns a parcel of land at the above-listed address (the "Wineburg Property").

2. Kate Wineburg is an adult citizen of the Commonwealth of Pennsylvania who resides at, and jointly owns the Wineburg Property with Thomas Wineburg.

3. Thomas Wineburg is married to Kate Wineburg.

4. Defendant, Sunoco Pipeline L.P., a/k/a Energy Transfer Partners L.P. (hereinafter "Sunoco") was at all times material hereto a publicly traded limited partnership, organized and existing under the laws of the State of Texas and appears to have a principal place of business at 8111 Westchester Drive, Dallas, TX 75225.

## VENUE

5. Venue is proper in the Eastern District of Pennsylvania due to diversity jurisdiction, pursuant to 28 U.S.C. Section 1332.

6. Defendant's agents, servants, workmen, employees, and subcontractors are all performing the Defendant's business in Chester County, Pennsylvania at the behest of this Texas Corporation.

## FACTUAL ALLEGATIONS

7. Sunoco is an interstate carrier of crude oil, gasoline, and natural gas liquids such as propane, butane, and ethane.

### The Mariner East Pipeline Project

8. Upon information and belief, at some time prior to December 2012, Sunoco conceived the so-called Mariner East Project for the purpose of entering the business of transporting NGL's. NGL's are compounds, including ethane, propane, and butane, that are byproducts of recovering natural gas or oil through a process known as hydraulic fracturing ("fracking"). The Mariner East Project would carry NGL's from Ohio, West Virginia, and western Pennsylvania eastward toward the Philadelphia area.

9. In 2012, Sunoco received approval from the Federal Energy Regulatory Commission for a new pipeline project, referred to as the Mariner East 1 pipeline ("Mariner 1"), which would transport natural gas liquids ("NGL's") from the shale fields of Ohio and West Virginia, across Pennsylvania and to a terminal situated both in Pennsylvania and Delaware for the purpose of shipping to markets outside the Commonwealth.

10. Sunoco's website states, in pertinent part, that Mariner 1:

> ....is [a] pipeline project to deliver propane and ethane from the liquid-rich Marcellus Shale areas in Western Pennsylvania to the Marcus Hook facility, where it will be processed, stored, and distributed to various

2

domestic and waterborne markets. The project is anticipated to have an initial capacity to transport approximately 70,000 barrels per day of natural gas liquids and can be scaled to support higher volumes as needed.

11. In 2014, Sunoco's new Mariner East 2 pipeline project ("Mariner 2") also received federal approval.

12. The purpose of Mariner 2 is to transport propane and ethane from processing and fractionation complexes in Western Pennsylvania, West Virginia, and Eastern Ohio to a facility in Marcus Hook, Pennsylvania.

13. The Mariner East Pipeline project uses a variety of drilling methods to lay pipeline including, but not limited to the use of traditional drilling methods involving trench digging, as well as using high pressure water, mud and chemicals to break up rock formations and soil.

14. The drilling process in the Plaintiffs' neighborhood has caused persistent, intrusive, offensive, and disturbing noise throughout the Plaintiffs' neighborhood.

15. The process of laying the Mariner East pipeline in the Plaintiffs' neighborhood has lasted for several years.

16. The process of laying this pipeline adjacent to the Plaintiffs' property has been delayed repeatedly due to Sunoco's egregious failures in other parts of the state and resulting drilling shutdowns being enforced by the Pennsylvania Department of Environmental Protection and other regulatory bodies.

17. The Plaintiffs have been advised that the process of laying the Mariner East Pipeline in their neighborhood is expected to be completed at some point in 2021.

18. The Mariner East pipeline constitutes a continuing nuisance and trespass, as described herein.

19. Construction of the Mariner East Pipeline is not a permanent nuisance, as the drilling process is expected to be completed in the foreseeable future.

20. The Defendant's drilling process substantially impairs the Plaintiffs' quiet use and enjoyment of their property.

21. The Defendant's drilling process generates tremendous noise and substantial disturbance of the neighborhood.

22. The Plaintiffs have suffered through decibel levels, which constitute noise pollution.

23. The Plaintiffs have suffered and continue to suffer through noise pollution and decibel levels which interfere with the quiet use and enjoyment of their home's interior and exterior land.

24. Upon information and belief, the Plaintiffs and their neighborhood have suffered through decibel levels in excess of those permitted by East Goshen Township.

25. East Goshen Township Code Chapter 156 (Noise) provides in pertinent part that: No Person shall unreasonably make, continue or cause to be made or continued any noise disturbance.

26. Sunoco has repeatedly caused violations of this statute in the Plaintiffs' neighborhood and on their property.

27. The Township Code Section 156-5(A)(6)(a) declares in pertinent part that construction involving drilling "such that the sound level at or across a real property boundary exceeds the noise levels specified in Table A."

28. Table A provides that daytime construction drilling in excess of an LEQ of 65 dBA for the daytime period or 5 dBA above background sound level, whichever is greater.

29. In fact, decibel levels as high as 124 dB were recorded in June, 2020 due to Sunoco's drilling activities.

30. These levels were recorded despite multiple attempts to cite Sunoco for violation of the Township Code.

31. Furthermore, decibel measurements during casing activities in February, 2020 found hours long decibel levels of 78, which is obviously well over the permitted levels for this construction activity.

32. Furthermore, decibel measurements during drilling activities in December, 2019 found extended periods with a decibel levels of 68, which is obviously over the permitted levels for this construction activity.

33. Furthermore, decibel measurements during drilling activities in December, 2019 found a high decibel level of 132, which is obviously over the permitted levels for this construction activity.

34. Furthermore, decibel measurements during drilling activities on another date in December, 2019 found three hour periods of time with decibel levels of 77, which is obviously over the permitted levels for this construction activity.

35. The above examples are only snapshots in time evidencing the continuous brutal assault upon the Wineburg family's quiet use and enjoyment of their home and property.

36. Here, Sunoco was not in compliance with the Township Code on multiple occasions.

37. As a result of being not in compliance with the Township Code, East Goshen was forced to file Complaints with the local court to address these violations.

38. Regardless of repeated violations, Sunoco failed to stop violation of the Township Code.

39. The Chester County District Attorney has begun a grand jury investigation targeting Sunoco as a public nuisance based on its egregious behavior to the detriment of the population of Chester County.

40. Despite these multiple citations, complaints, investigations, and actions by representatives of the Commonwealth, local law enforcement, East Goshen Township, and complaints of residents, Sunoco has persisted in creating the nuisance and trespass detailed herein, comfortable in the knowledge that fines, no matter how large, are a mere nuisance to its bottom line.

41. The United States' Environmental Protection Agency (EPA) says that the traditional definition of noise is "unwanted or disturbing sound". Sound becomes unwanted when it either interferes with normal activities such as sleeping, conversation, or disrupts or diminishes one's quality of life. The persistent and escalating sources of sound can often be considered an annoyance. This "annoyance" can have major consequences, primarily to one's overall health.

42. The EPA states that noise pollution adversely affects the lives of millions of people. Studies have shown that there are direct links between noise and health. Problems related to noise include stress related illnesses, high blood pressure, speech interference, hearing loss, sleep disruption, and lost productivity. Exposure to constant or high levels of noise can cause countless adverse health effects.

43. Defendant's decision to persist in causing this continuing nuisance at Plaintiffs' home constitutes a willful, reckless, careless, wanton and wholly intentional violation of the right of the Plaintiffs to the quiet use and enjoyment of their home.

## COUNT I
## DAMAGES SUFFERED BY PLAINTIFFS

44. The preceding paragraphs are incorporated by reference herein.

45. As a direct and proximate result of the wanton, reckless, and intentional conduct of the Defendant, Plaintiffs have suffered and continue to suffer the loss of quiet use and enjoyment of their property, including but not limited to the following:

    a. Loss of the quiet use and enjoyment of their home;

6

b. Anxiety and stress from the circumstances resulting from the noise intrusion by Sunoco's operations;

c. Being forced from their home to conduct regular business activities such as phone calls, emails, or other home based business operations;

d. Being prevented from using their deck or outdoor space for any period of time when drilling is occurring due to unrelenting loud noise and vibration;

e. Being subjected to constant vibrations of their home;

f. Being subjected to unrelenting noise pollution as depicted in the annexed video and others like them;

g. Being subjected to years of unrelenting noise pollution six days a week during daylight hours;

h. Being subjected to unrelenting noise pollution in violation of local noise ordinances, with no known recourse;

i. Being subjected to unrelenting noise pollution in violation of local noise ordinances by Sunoco, where Sunoco clearly has no interest in complying with local laws.

46. As a direct and proximate result of the conduct of the Defendant, the Plaintiffs have suffered persistent noise pollution of both the interior of their home and their exterior yard.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, together with costs, punitive damages and any other relief the Court deems appropriate.

## COUNT II
## PRIVATE NUISANCE

47. The preceding paragraphs are incorporated by reference herein.

48. Defendant violated East Goshen's noise ordinances, which are safety laws applicable to their particular activity.

49. The purpose of the various statutes, orders, and decrees which were violated was the protection of the public in general and the Plaintiffs in particular.

50. Repeated violation of the statutes, decrees, local ordinances, and orders caused harm to the Plaintiffs.

51. Defendant's willful violation of the ordinances of East Goshen Township, the Commonwealth of Pennsylvania, and FDA regulations and federal law regarding noise pollution constitutes negligence per se. The resulting injury to the Plaintiffs' quiet use and enjoyment of their property described in the paragraphs above was a proximate result of the violation of these safety rules and noise ordinance and their rules and regulations.

52. Plaintiffs have suffered harm from Defendant's negligence, which has created a private nuisance, while exercising the right common to the general public, in the form of:

   a. The right to clean air, pure water, and the preservation of the natural, scenic, historic and aesthetic values of the environment under the Pennsylvania Constitution, Pa. Const. art. I, § 27;

   b. The right to be protected from threats to public health, safety and welfare; and;

   c. The right to exclusive possession and use of their property.

53. Defendant's aforementioned acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

54. Plaintiffs have suffered damages as a direct and proximate result of the private nuisance Defendant created.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, together with costs, punitive damages and any other relief the Court deems appropriate.

# COUNT III
# PUBLIC NUISANCE

55. The preceding paragraphs are incorporated by reference herein.

56. As a result of the aforementioned acts, Defendant has created a public nuisance condition.

57. Plaintiff have suffered harm from this nuisance while exercising the right common to the general public, in the form of:

> a. The right to clean air, pure water, and the preservation of the natural, scenic, historic and aesthetic values of the environment under the Pennsylvania Constitution, Pa. Const. art. I, § 27;
>
> b. the right to exclusive possession and use of their property.

58. Plaintiffs suffered harm of a kind different from that suffered by other members of the public, in the form of:

> a. interference with the use and enjoyment of their Property due to the existence of the noise pollution, and its migration into their home due to Defendant's failure to properly respond to and remediate the noise pollution.

59. Defendant's aforementioned acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

60. Plaintiffs were significantly exposed to known and proven hazardous noise pollution through the acts and omissions of Defendants.

**WHEREFORE**, Plaintiffs demand judgment of liability against Defendant, compensatory damages for personal injury, compensatory damages for harms to real and personal property, compensatory damages for diminution in property value, punitive damages, costs of litigation including but not limited to attorneys' fees, engineering fees, expert witness fees, and interest and delay damages, and any other relief the Court deems appropriate.

## COUNT IV
## TRESPASS

61. The preceding paragraphs are incorporated by reference herein.

62. Defendant, its agents, servants, and/or employees knowingly, recklessly and negligently caused the disruption of Plaintiffs use and enjoyment of their property, as detailed above and specifically by causing offensive noise pollution to continue for a period of years.

63. Defendant's aforesaid acts and omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant in an amount in excess of Seventy-Five Thousand ($75,000) Dollars, together with costs, punitive damages and any further relief the Court deems appropriate.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64. The preceding paragraphs are incorporated by reference herein.

65. The negligent acts of Defendant averred herein resulted in noise pollution of the Plaintiffs' Property and into Plaintiff's' house.

66. Defendant's aforesaid acts and or omissions were committed in wanton, reckless and outrageous disregard for the rights, safety and health of Plaintiffs, in light of the fact that Defendant was repeatedly placed on notice, repeatedly fined, and repeatedly persisted in its activities despite repeated findings that it had violated the law.

67. Plaintiffs were exposed to hazardous noise pollution at concentrations above applicable state and/or local standards, through the acts and or omissions of Defendant.

68. As a result of Defendant's negligent acts and or omissions, Plaintiffs have suffered emotional distress and/or related physical trauma including, but not limited to multiple stresses on their relationship, their inability to enjoy their own home or yard, and multiple other intrusions on the well-being of the Wineburg family.

**WHEREFORE**, Plaintiffs demand judgment of liability against Defendant, compensatory damages for personal injury, compensatory damages for harms to real and personal property, compensatory damages for diminution in property value, punitive damages, costs of litigation including but not limited to attorneys' fees, engineering fees, expert witness fees, and interest and delay damages, and any other relief the Court deems appropriate

|  |  |
|---|---|
|  | Respectfully submitted,<br>**NEUWIRTH LAW OFFICE, LLC** |
| Date: 10/28/20 | By: _Andrew Neuwirth /s/_<br>Andrew T. Neuwirth, Esquire<br>Attorney for Plaintiffs<br>Atty. ID No. 310079<br>2200 Renaissance Blvd., Suite 270<br>King of Prussia, PA 19406<br>Tel: 215-259-3687<br>Fax: 215-253-5816<br>Email: andrew@neuwirthlaw.com |

## VERIFICATION

I, Thomas Wineburg, hereby verify that I am the Plaintiff in the attached Complaint and that the information therein is based on information gathered by counsel in the course of this lawsuit, that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to penalties of 18 Pa. Cons. Stat. § 4904, relating to unsworn falsification to authorities.

Date: 16-2-20

Thomas Wineburg

## **VERIFICATION**

I, Kate Wineburg, hereby verify that I am the Plaintiff in the attached Complaint and that the information therein is based on information gathered by counsel in the course of this lawsuit, that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are subject to penalties of 18 Pa. Cons. Stat. § 4904, relating to unsworn falsification to authorities.

Date: 10/2/2020

_Kate Wineburg_
Kate Wineburg