IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS WINEBURG** | : | |
| **AND KATE WINEBURG** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | **CIVIL ACTION NO. 2:20-cv-05371** |
| v. | : | |
| | : | |
| **SUNOCO PIPELINE L.P.,** | : | |
| a/k/a Energy Transfer | : | |
| Partners, L.P. | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

This Court lacks subject-matter jurisdiction over the Complaint, because there is no diversity of citizenship among the parties. The case should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1).[1]

The Complaint – which asserts exclusively state common law causes of action – alleges that this Court has jurisdiction based on the diversity of citizenship of the parties under 28 U.S.C. §1332. The Complaint asserts that complete diversity exists by alleging that Plaintiffs are citizens of Pennsylvania, based on their residence and domicile in West Chester, Chester County, Pennsylvania, while Defendant Sunoco Pipeline, L.P. ("Sunoco Pipeline")[2] is a limited

---

[1] Defendant also has several other meritorious defenses to the claims asserted in the Complaint that would be the proper subject of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. But, since this Court lacks jurisdiction over the entire action, as an effort to conserve both judicial resources and also the resources of the parties, Defendant is not raising such defenses in this motion, but reserves the right and will do so when this matter is in an appropriate forum.

[2] The Complaint and caption names as a defendant "Sunoco Pipeline L.P. a/k/a Energy Transfer Partners L.P." *See* Compl. ¶ 4. Defendant Sunoco Pipeline L.P. is not, and never has been, "also known as" Energy Transfer Partners L.P. Rather, Sunoco Pipeline L.P. is an indirect, wholly-owned subsidiary of Energy Transfer Partners L.P., which is now known as Energy Transfer Operating, L.P. If necessary, at the appropriate time, Defendant will file a motion to correct the caption of the Complaint.

partnership that is organized in and has its principal place of business in Texas.  Compl. ¶¶ 1-4.  But, as a limited partnership, citizenship is determined by evaluating the citizenship of each of the partnership's partners or members.  Therefore, as a limited partnership, Sunoco Pipeline is a citizen of every state where its individual partners are citizens.

Sunoco Pipeline is limited partnership that is an indirect, wholly-owned subsidiary of Energy Transfer Operating, L.P. (f/k/a Energy Transfer Partners L.P.), which is a publicly traded limited partnership.[3]  As such, Sunoco Pipeline is a company that has unit holders or partners in all 50 states, including Pennsylvania.  Thus, Sunoco Pipeline is a citizen of Pennsylvania.

Because there is no diversity of citizenship between Plaintiffs and Sunoco Pipeline, but rather all parties are citizens of the same state – Pennsylvania – this Court lacks subject-matter jurisdiction over this action, which must therefore be dismissed.

I.      **Factual and Procedural Summary**

On October 28, 2020, Plaintiffs filed a Complaint seeking damages for alleged harm Plaintiffs claim to have suffered because they reside near the active construction of the Mariner East 2/2X pipeline project in Chester County, Pennsylvania.  Compl. ¶¶ 8-43.  Sunoco Pipeline agreed to waive formal service of process and executed a waiver of service of summons on November 6, 2020, setting the deadline for response to the Complaint as January 4, 2021.

Plaintiffs assert exclusively state common law tort claims for private and public nuisance, trespass, and negligent infliction of emotional distress.  Compl. ¶¶ 44-68.  Plaintiffs do not assert any federal cause of action in the Complaint.

The Complaint alleges that this Court has subject-matter jurisdiction based on diversity of citizenship of the parties under 28 U.S.C. § 1332 (Compl. ¶ 5), alleging Plaintiffs are citizens of

---

[3] *See* Energy Transfer Operating, L.P. 2019 10K, *available at* https://ir.energytransfer.com/static-files/5837128b-5110-4ce0-9641-5a3c373d67e7 .

Pennsylvania (Compl. ¶¶ 1–2), while Sunoco Pipeline is a "publicly traded limited partnership, organized and existing under the laws of the State of Texas and appears to have a principal place of business" in Texas (Compl. ¶ 4).

The Complaint correctly states that Sunoco Pipeline is a limited partnership that is organized in and has its principal place of business in Texas. Compl. ¶ 4. But, the Complaint does not contain any factual allegation or averments regarding the partners of Sunoco Pipeline, other than noting that the company is publicly traded. *Id.*

## II.     Standard of Review for Motion to Dismiss for Lack of Jurisdiction

A federal district court is a forum of limited jurisdiction, and only has original jurisdiction for cases falling into two distinct categories. First, under 28 U.S.C. § 1331, federal district courts have original jurisdiction over federal questions arising under the "Constitution, laws, or treaties of the United States." Second, federal courts have jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332, which provides federal courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states." "For over two hundred years, the statute has been understood as requiring 'complete diversity between all plaintiffs and all defendants,'. . . . This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d. Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir.2010).

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may raise as a basis for dismissal lack of subject matter jurisdiction over the action. *See also* F.R.C.P 12 (h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.") When a party files a motion to dismiss for lack of jurisdiction, "the party asserting

federal jurisdiction . . . has the burden of establishing it." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).

A challenge to subject-matter jurisdiction under Rule 12(b)(1) can either be facial or factual. *Lincoln Ben. Life Co.*, 800 F.3d at 105. A facial jurisdictional challenge is one that focuses on an alleged deficiency in the pleadings, such that the court is limited to considering only the allegations of the complaint and any referenced documents in the light most favorable to plaintiff. *Id.* In contrast, for a factual challenge "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction," and weigh evidence, including potentially conducting a hearing to resolve any disputed issues of fact regarding jurisdiction. *Id.* (quoting *McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 290 (3d Cir. 2006)). When considering a factual attack, "it is permissible for a court to review evidence outside the pleadings." *U.S. ex rel. Atkinson v. PA. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

### III.     Legal Argument

The Complaint should be dismissed for lack of subject matter jurisdiction, because Plaintiffs and Sunoco Pipeline are each citizens of the Commonwealth of Pennsylvania.

For the purposes of determining diversity of citizenship under 28 U.S.C. § 1332, a natural person is a citizen of the state where he or she is domiciled. *See, e.g.*, *Lincoln Ben. Life Co.*, 800 F.3d at 104. A corporation is a citizen of both the state in which it was incorporated and also the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). But, partnerships, including limited partnerships like Sunoco Pipeline, "unlike corporations, are not considered 'citizens' as that term is used in the diversity statute." *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir. 2008). As "partnerships are not citizens for diversity purposes, the Supreme Court has long applied the rule of *Chapman v. Barney* that courts are to look at the citizenship of all the partners (or members of other unincorporated associations) to determine

whether the federal district court has diversity jurisdiction." *Id.* Furthermore, "the complete diversity requirement demands that all partners be diverse from all parties on the opposing side." *Id.* at 183; *see also Lincoln Ben. Life Co.*, 800 F.3d at 104-05. Because a limited partnership is not a corporation for the purposes of the diversity statute, the state in which the partnership is organized or the state where it has its principal place of business are "legally irrelevant" to the consideration of determining citizenship for diversity purposes. *Lincoln Ben. Life Co.*, 800 F.3d at 105.

Where a limited partnership's partners are also, in turn, comprised of other partnerships or other forms of an unincorporated associations, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the [limited partnership]." *Id.* at 105 n.16 (internal quotation omitted); *see also, e.g.*, *Maxim Crane Works, LP v. Smith Transp. Services, Inc.*, Dkt. No. 15-597, 2016 WL 757791, at *3 (W.D. Pa. Feb. 26, 2016) (holding that limited partnership was a citizen of both Delaware and Pennsylvania because one of the members of its general partner, an LLC, was a corporation whose place of incorporation and principal place of business were Delaware and Pennsylvania, respectively).

Here, Plaintiffs' claims are all state common law tort actions, and Plaintiffs do not allege any federal claim in the Complaint. Rather, Plaintiffs assert jurisdiction on the basis of diversity of citizenship. Compl. ¶ 5. The complaint correctly identifies that Sunoco Pipeline is a limited partnership. Compl. ¶ 4. Sunoco Pipeline is an indirect, wholly-owned subsidiary of Energy Transfer Operating, L.P. (f/k/a Energy Transfer Partners L.P.), which is itself a publicly traded limited partnership, and as such, has partners and unit holders in all 50 states, including the Commonwealth of Pennsylvania. Sunoco Pipeline is therefore a citizen of Pennsylvania for the

purposes of determining diversity of citizenship under federal law.  Plaintiffs are also both citizens of Pennsylvania, as they are both domiciled in West Chester, Chester County, Pennsylvania.  Compl. ¶¶ 1-2.  Thus, there is no diversity of citizenship between Plaintiffs and Sunoco Pipeline that could provide a basis for jurisdiction in this Court, much less the complete diversity necessary under 28 U.S.C. § 1332.  The Court need go no further in its analysis, and should therefore dismiss the Complaint.

But, even if the Plaintiffs were to argue that they were unaware of the citizenship of each of Sunoco Pipeline's partners when they filed the Complaint, such an argument still fails as a matter of law.  While a plaintiff is entitled to make an allegation of jurisdiction even if he or she is uncertain of the citizenship of each of the members of an unincorporated association or partnership, to survive a facial challenge to jurisdiction, the plaintiff must nevertheless make a specific allegation in the complaint that the defendant's members are citizens of a particular state.  *See Lincoln Ben. Life Co.*, 800 F.3d at 108.  Moreover, the burden is placed on a plaintiff to obtain information regarding the citizenship of the members of an unincorporated association or partnership, and only "after consult[ing] the sources at its disposal, including court filings and other public records," may a plaintiff then allege generally that "none of an unincorporated association's members are citizens of a particular state." *Id*. at 108.  But such an allegation regarding the citizenship of a partnership's members is still required – without such an allegation, the complaint must be dismissed for lack of jurisdiction.

Thus, a complaint will be dismissed for lack of jurisdiction when a plaintiff only makes general allegations that the defendant is a limited liability company or partnership organized under a state other than that of the citizenship of plaintiff, without also alleging something about the citizenship of the partnership's members.  For example, in *Miller v. Native Link*

*Construction, LLC*, Dkt. No. 15-1605, 2016 WL 4701454, *7 (W.D. Pa. Sept. 8, 2016), the United States District Court for the Western District of Pennsylvania dismissed an amended complaint against a limited liability company for lack of jurisdiction, where plaintiff alleged he was a citizen of Pennsylvania but "aver[ed only that [defendant] 'is a professional limited company organized and existing under the laws of the State of Washington." The *Miller* court explained that since "the citizenship of a limited liability company depends upon the citizenship of its members," and the complaint "contains no averments concerning the membership of [defendant] or the citizenship of its members," that the complaint "provides no basis from which this court can infer that plaintiff conducted the requisite good faith inquiry into the citizenship of [defendant's] members, and plaintiff did not even plead 'citizenship.'" *Id.*

So too here. The Complaint contains no allegations regarding the citizenship of any of the partners of Sunoco Pipeline, which suggests that no inquiry was conducted to attempt to make this required determination before filing the Complaint. But such information is readily publicly available, and can be ascertained from public filings, such as those with the United States Securities and Exchange Commission, which clearly and unequivocally state that Sunoco Pipeline is a wholly-owned subsidiary of Energy Transfer Operating, L.P. (f/k/a Energy Transfer Partners L.P.), which is a publicly traded limited partnership. *See infra at 2 and footnote* 3. Instead, the Complaint alleges only that Sunoco Pipeline is organized in Texas and has its principal place of business in Texas – two facts that are relevant only for determining the citizenship of a ***corporation*** under the diversity statute, and are wholly irrelevant for determining the citizenship of a limited partnership like Sunoco Pipeline.

Last, in the alternative, if the Court were to consider this Motion to be a factual challenge to jurisdiction, the Court should look the clear public record, including in the filings with the

United States Security Exchange Commission referenced herein, that reflect Sunoco Pipeline is a wholly-owned subsidiary of Energy Transfer Operating, L.P. (f/k/a Energy Transfer Partners L.P.), which is a publicly traded limited partnership, and therefore has partners and unit holders in all 50 states, including Pennsylvania.  Or barring all else, the Court must instruct the Plaintiffs to respond to this motion with rebuttal evidence to establish diversity of citizenship amongst the parties – which Plaintiffs will be unable to do.

The Court should therefore dismiss the complaint on the basis of lack of subject matter jurisdiction, with prejudice.

### IV.     Conclusion

Sunoco Pipeline is a limited partnership and a wholly-owned indirect subsidiary of Energy Transfer Operating, L.P. (f/k/a Energy Transfer Partners L.P.), a publicly traded limited partnership with partners and unit holders in all 50 states, including Pennsylvania.  Plaintiffs are domiciled in West Chester, Chester County, Pennsylvania.  The only claims alleged in the Complaint are state common law tort claims, such that there is no basis for federal question jurisdiction.  Because there is no diversity of citizenship between the parties, and no other basis for jurisdiction in this Court, the Court should dismiss the Complaint with prejudice.

/s/ Diana A. Silva, Esquire
Diana A. Silva, Esq. (PA ID No. 311083)
MANKO, GOLD, KATCHER & FOX, LLP
401 City Avenue, Suite 901
Bala Cynwyd, PA  19004
Tel: (484) 430-2347
dsilva@mankogold.com

*Attorneys for Defendant*
*Sunoco Pipeline L.P.*

Dated: January 4, 2021